**Willard ARMSTRONG, Plaintiff,**

v.

**RYDER TRUCK RENTAL, INC., Defendant.**

**Civ. A. No. 75–473.**

United States District Court, D. Arizona.

March 31, 1978.

Philip J. Shea, Marks & Marks, Phoenix, Ariz., for plaintiff.

Robert J. Bruno, James A. Teilborg, Phoenix, Ariz., for defendant.

OPINION

DUMBAULD, Senior District Judge, Sitting by Designation.

Proper disposition of the case at bar depends upon determining which of the non-disinterested witnesses whose testimony is in the record is most reliable. Such conflicts in the evidence and questions of credibility are most comfortably resolved by a jury, but since the parties here have referred the matter to the Court we can but do our best and (going beyond what a jury would do) candidly state the circumstances which have led us to the conclusion reached.

This action was brought under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, 42 U.S.C. § 2000e *et seq.* 42 U.S.C. § 2000e–2(a)(1) provides that it shall be an

---

unlawful employment practice for an employer "to fail or refuse to hire . . . or otherwise to discriminate against any individual with respect to . . . employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(j) makes clear that there is no requirement to "grant preferential treatment" because of race or racial imbalance. Thus to prevail in this action plaintiff must establish that racial discrimination was the reason why he failed to obtain employment with defendant.

The record discloses that plaintiff was referred to defendant by the State employment office, which had verified the existence of an opening as fuel island attendant filed by defendant before giving plaintiff a referral slip.

After walking several miles from the employment office to defendant's place of business, plaintiff was interviewed by Raymond J. Brunski, then defendant's service manager in Phoenix. According to plaintiff's testimony at trial, he handed Brunski the referral slip, and Brunski handed plaintiff a Ryder application form.

According to Brunski's deposition (p. 9), plaintiff asked if there was an opening and Brunski said "Yes." Plaintiff asked "Do I have the job?" Brunski said "You will have to fill out an employment application." Plaintiff then said "I will not fill out any kind of papers until I get the job."

Plaintiff testified that he did fill out the application, laid it on Brunski's desk, but that Brunski "brushed him off," and said he had no job openings.

Mike DeVane, defendant's district manager since 1974, testified that on March 11, 1975, he talked with plaintiff, who had been sent by EEOC for a conciliation interview. At that time DeVane offered plaintiff an application form but advised him that there were then several laid-off employees who would have to be rehired before plaintiff could be hired. DeVane asked plaintiff if at his interview with Brunski plaintiff had filled out a similar application form, and that plaintiff's response was "No, I came to work." DeVane's testimony was not rebutted or contradicted by plaintiff.

DeVane also testified that company policy requires an application form to be executed by all applicants, and that a search had been made of applications for the pertinent time period, and although there were numerous others found there was none executed by plaintiff. He also said plaintiff was more interested in a settlement figure than in a job, and asked how much had been paid to other plaintiffs. DeVane declined to discuss other cases and terminated the interview.

None of the witnesses manifested any indicia of untruthfulness. The Court could not even get any help from the criterion described in Judge Jerome Frank's anecdote about a certain judge who believed that a witness was lying who put his hand in front of his mouth while testifying.

■ We accept defendant's version, because of DeVane's apparent truthfulness on the stand, and the fact that his testimony was not rebutted by plaintiff, but was corroborated by Brunski's deposition. Moreover, plaintiff's answers to Interrogatory No. 17, received in evidence at the trial, disclose that plaintiff did not have a steady record of regular employment, but that his work was interrupted by trips to California on personal business and by periods when he was a relief recipient on the welfare rolls. It seems plausible therefore that before receiving assurance that the job was his he did not wish to disclose his prior work record which might have cast some doubt on his desirability as an employee.

■ In our opinion the defendant's practice of requiring an executed application is a fair and reasonable business practice, of neutral and non-discriminatory impact racially, which suffices to countervail plaintiff's *prima facie* case under the criteria set forth by Mr. Justice Powell's opinion in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–807, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Under the circumstances, each party should bear its own costs and counsel fees.

This opinion shall be deemed to include the Court's findings of fact and conclusions of law. We shall also adopt and file such findings of fact and conclusions of law submitted by the parties as seem substantiated.